UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICARDO NEGRON, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:17-cv-1042(SRU) |
| : | |
| CORRECTION OFFICER MATTHEWS, : | |
|     Defendant. : | |

**<u>INITIAL REVIEW ORDER</u>**

Ricardo Negron ("Negron") is incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He has filed a complaint under 42 U.S.C. § 1983 against Correctional Officer Matthews.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

On February 27, 2017, Negron was placed on suicide watch in the restrictive housing unit at MacDougall-Walker. Sometime between 1:00 p.m. and 3:00 p.m. That day, Officer Matthews opened the trap in Negron's cell door and began to make sexual comments towards Negron. Negron screamed at Officer Matthews. In response, Officer Matthews reached his hand through the trap in the cell door and "grab[bed] for [Negron's] genital area." Compl., ECF No. 1 at 6, ¶ 6. Negron jumped backwards and yelled out for Control Officer Brisco.

## I. Official Capacity Claims

Negron seeks monetary damages and unspecified declaratory relief. For the reasons set forth below, all official capacity claims are dismissed.

To the extent that Negron seeks monetary damages from Officer Matthews in his official capacity, that claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 160 (1985) (the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Negron's claim for monetary damages against Officer Matthews in his official capacity is dismissed pursuant to 28 U.S.C. § 1915A (b)(2).

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. Am. Inst. of Certified Pub. Accountants*, 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). Declaratory relief operates in a prospective

manner to allow parties to resolve claims before either side suffers great harm. *See In re Combustion Equip. Assocs. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988).

The allegations in the complaint relate only to conduct that occurred in February 2017. Relief in the form of a declaration that Officer Matthews violated Negron's federal rights in the past is not available. *See Green v. Mansour*, 474 U.S. 64, 71-73 (1985) (if there is no allegation of an ongoing violation of federal law, the Eleventh Amendment prevents federal courts from providing notice relief or a declaratory judgment that state officials violated federal law in the past); *P.C. v. Connecticut Dep't of Children & Families*, 662 F. Supp. 2d 218, 227 (D. Conn. 2009) (dismissing request for "declaratory judgment that defendants' past conduct violated the law . . . [because] the relief sought [was] clearly not prospective") (citations omitted).

Furthermore, Negron has not identified any legal relationships or issues that require resolution via declaratory relief. *See Camofi Master LDC v. College P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (concluding that claim for declaratory relief that is duplicative of adjudicative claim underlying action serves no purpose). If Negron were to prevail on his substantive federal claims, the jury necessarily would determine that Officer Matthews had violated Negron's Eighth Amendment rights. Thus, a separate award of declaratory relief is unnecessary. The request for declaratory relief is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## II. PREA claim

Negron states that he filed a claim under the Prison Rape Elimination Act ("PREA"). There is nothing in the PREA to suggest that Congress intended to create a private right of action for inmates to sue prison officials for non-compliance with the Act. *See Chao v. Ballista*, 772 F. Supp. 2d 337, 341 n.2 (D. Mass. 2011) (collecting cases and noting that "every court to address

the issue" has held that the PREA does not allow a private cause of action); *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("[T]he PREA confers no private right of action. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue.") (citation omitted). The Act is intended to compile data and statistics concerning incidences of prison rape and to develop and implement national standards for the detection, prevention, reduction, and punishment of prison rape. *See* PREA, 34 U.S.C. §§ 30302-03, 30306-07 (formerly cited as 42 U.S.C. §§ 15602-03, 15606-07). The Act does not grant any specific rights to inmates. The United States Supreme Court has held that in the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision. *Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002).

Because the PREA does not provide a private right of action, the allegation that Officer Matthews violated the PREA does not state a claim upon which relief may be granted. The claim asserted under the PREA is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### III. Remaining Federal Claims

Negron alleges that Officer Matthews sexually harassed him verbally and attempted to harass him physically. I conclude that Negron has stated plausible Eighth Amendment claims against Officer Matthews for sexual harassment and deliberate indifference to safety. *See Willey v. Kirkpatrick*, 801 F.3d 51, 69-70 (2d Cir. 2015) (vacating dismissal of inmate's claim of continuous verbal sexual harassment by prison guard on remand and suggesting that district court analyze claim under *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015)); *Smith v. Roberson*, 2016 WL 1056588, at *2-3 (N.D.N.Y. Mar. 16, 2016) (holding defendants not entitled to

4

qualified immunity because conduct involving a prison guard who chased plaintiff, exposed his genitals to her and threatened her with sexual assault constituted inappropriate sexual conduct that was devoid of any legitimate penological purpose and violated plaintiff's Eighth Amendment rights) (citing *Crawford*, 796 F.3d at 256-57, and *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)).

It is hereby ordered that:

**(1)** The claim for monetary damages against Officer Matthews in his official capacity is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claim for declaratory relief against Officer Matthews in his official capacity and the claim under the PREA against Officer Matthews in his individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claims for sexual harassment and deliberate indifference to safety will proceed against Officer Matthews in his individual capacity.

(2) **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Correctional Officer Matthews and mail a waiver of service of process request packet to Officer Matthews in his individual capacity at his current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the request. If Officer Matthews fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and Officer Matthews shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Officer Matthews shall file his response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of

service of summons forms are mailed to him. If Officer Matthews chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests should not be filed with the court.

(5) All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

(6) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Bridgeport, Connecticut this 16th day of October, 2017.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge